UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST MUTUAL GROUP, LP,

      Plaintiff,

v.                          Case No:   2:14-cv-622-FtM-38DNF

WILLIAM S. BOWERS, SR.,

      Defendant.

_____/

## ORDER[1]

This matter comes before the Court on review of the Complaint (Doc. #1) filed on October 24, 2014. Plaintiff Mutual First, LLC asserts the Court has federal jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). Claims properly brought in federal court pursuant to Section 1332(a) contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, the plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

Mutual First has failed to properly allege the citizenship of itself. Mutual First states it is a Delaware Limited Partnership. (Doc. #1, at ¶1). Mutual First further states its

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

members are Alternative Capital Strategies, LP, a British limited partnership, and First Mutual Group, GP LLC, a Delaware limited liability company. (Doc. #1, at ¶1). Mutual First does not divulge anything further and its failure to do so leaves the Court uncertain as to whether federal diversity jurisdiction exists in this matter.

For diversity purposes, a limited partnership is "a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)). Moreover, for diversity purposes, a limited liability company is a citizen of every state in which one of its members is a citizen. Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124 at *1 (M.D. Fla. June 9, 2011) (citing Rolling Greens, 374 F.3d 1020 (11th Cir. 2004)). That is, "the long-standing rule that the citizenship of an artificial unincorporated entity generally depends on the citizenship of all the members composing the organization." Rolling Greens, 374 F.3d at 1021 (citing Carden, 494 U.S. at 195-96). Therefore, each partner and member of the limited partnerships and limited liability company listed by Mutual First must be diverse from Defendant William S. Bowers, Sr. in this case in order for there to be complete diversity. (See Doc. #1, at ¶1).   Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) ("Since Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, this Court has read the statutory formulation 'between . . . citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants."); see, e.g., Lewis v Seneff, No. 6:07-cv-1245-Orl-22DAB, 2008 WL 3200273, at *2 (M.D. Fla. Aug. 5, 2008).

Here, although Mutual First discloses that its partners are Alternative Capital Strategies, LP and First Mutual Group, GP LLC, it fails to disclose the partners and

members of these two respective entities. That is, "when an entity is composed of multiple layers of constituent entitles, the citizenship determination requires an exploration of the citizenship of the consistent entities as far down as necessary to unravel fully the citizenship of entity before the court." RES-GA Creekside Manor, LLC v. Start Home Builders, Inc., No. 2:10-CV-207-RWS, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001-PAB-CBS, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)); see also Brady v Chrysler Group, No. 07-14394-CIV, 2008 WL 1957988, at *1 (S.D. Fla. May 5, 2008) ("If a member is itself an LLC, its members will determine its citizenship, which in turn determine the citizenship of the LLC of which it is a member.") (citing Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007)). Here, since Mutual First has not properly alleged its citizenship, the Court will dismiss the Complaint without prejudice but grant Mutual First limited leave to amend and properly allege federal jurisdiction.

Accordingly, it is now **ORDERED:**

1. The Complaint (Doc. #1) is **DISMISSED without prejudice**.

2. Plaintiff Mutual First, LLC may file an amended complaint on or before **November 10, 2014**, that properly alleges federal jurisdiction. Failure to comply within the deadline will result in this matter being closed.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record